# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SHARPE HOLDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:12 CV 92 DDN |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiffs CNS International Ministries, Inc. and Heartland Christian College for a temporary restraining order and preliminary injunction.  (Doc. 62.)  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. 69.)

On December 20, 2012, plaintiffs Sharpe Holdings, Inc., Rita Joanne Wilson, Judi Dianne Schaefer, and Charles N. Sharpe commenced this action against defendants United States Department of Health and Human Services, United States Department of the Treasury, United States Department of Labor, and Kathleen Sebelius, Timothy Geitner, and Hilda Solis in their official capacities as the respective secretaries of the defendant departments.  (Doc 1.)  Collectively, defendants are the departments and officials responsible for adopting, administering, and enforcing the regulations at issue.

The Patient Protection and Affordable Care Act, Pub. L. 111-148, and the Health Care and Education Reconciliation Act, Pub. L. 111-152, (the Act) both enacted in March 2010, regulates the national health insurance market by directly regulating group health plans and health insurance issuers.  The Act contains a preventive services coverage provision which provides:

> "A group health plan and a health insurance issuer offering group or individual health insurance coverage shall, at a minimum provide coverage for and shall not impose any cost sharing requirements for[,] with respect to women, such additional preventive care and screenings . . . as provided for in comprehensive

guidelines supported by the Health Resources and Services Administration for purposes of this paragraph."

42 U.S.C. § 300gg–13(a)(4).

The Health Resources and Services Administration has issued guidelines requiring coverage for "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity." Women's Preventive Services: Required Health Plan Coverage Guidelines, Health Resources and Services Administration, http://www.hrsa.gov/womensguidelines/ (last visited Dec. 31, 2012). The FDA has approved several contraceptive methods, including Plan B, Ella, and copper intrauterine devices (IUDs).[1]  Birth Control Guide, FDA Office of Women's Health, www.fda.gov/downloads/ForConsumers/ByAudience/ForWomen/FreePublications/UCM282014.pdf.

The government issued a regulation (contraceptive mandate) that adopted the Health Resources and Service Administration guidelines as final.  77 Fed. Reg. 8725.  Group health plans and health insurance issuers are required to provide coverage consistent with the guidelines, without cost sharing, in plan or policy years beginning on or after August 1, 2012. Id. at 8725-26.

Employers failing to meet the requirements of the Act and contraceptive mandates subject themselves to a number of liabilities.  First, failure to provide an employee health insurance plan is penalized with a fine in the amount equal to one-twelfth of $2000 multiplied by the number of full-time employees on a monthly basis.  26 U.S.C. § 4980H.  Further, failure to meet the group plan health requirements is penalized in the amount of $100 per day for each affected employee.  26 U.S.C. § 4980D.  However, employers with fewer than fifty full-time employees are not subject to penalties and fines for failure to provide their employees with health insurance, but if they choose to provide employees with insurance, they must provide the minimum essential coverage.  See 26 U.S.C. §§ 4980D, 4980H.  Moreover, the fines and penalties do not apply until January 1, 2015.  U.S. Dept. of the Treasury, Continuing to Implement the ACA in a Careful, Thoughtful Manner, http://www.treasury.gov/connect/blog/Pages/Continuing-to-Implement-the-ACA-in-a-Careful-

---

[1] Plaintiffs refer to these particular contraceptive methods as abortifacients.

Thoughtful-Manner-.aspx (last visited December 12, 2013). Additionally, 29 U.S.C. § 1132 authorizes private enforcement suits for failure to meet the requirements of the Act.

On December 31, 2012, the court issued a temporary restraining order, prohibiting the enforcement of the ACA Mandate regulations regarding abortifacient devices and related counseling. (Doc. 20.) On January 14, 2013, the temporary restraining order was continued until the court's determination regarding additional injunctive relief. (Doc. 31.) On June 14, 2013, plaintiffs filed a first amended complaint to add Ozark National Life Insurance Company, N.I.S. Financial Services, Inc., and CNS Corporation as plaintiffs. (Doc. 52.) On June 28, 2013, the court sustained plaintiffs' request for a preliminary injunction. (Doc. 56.) On September 30, 2013, the court left the preliminary injunction in effect and stayed the proceedings pending the resolution of "the appeal in O'Brien v. HHS, No. 12-3357, or in Annex Medical, Inc. v. Sebelius, No. 13-1118, whichever occurs first, including the time any proper applications for relief is before the Supreme Court." (Doc. 57.)

On December 11, 2013, plaintiffs filed a second amended complaint to add CNS International Ministries, Inc. and Heartland Christian College as plaintiffs. (Doc. 61.) Plaintiff CNS International Ministries is a Missouri non-profit corporation that provides full-time residential services to men, women, and children who suffer from alcohol or drug dependencies and behavioral problems. (Id. at ¶ 6.) It employs more than fifty people and offers health insurance to its employees through its own self-insured program. (Id.) Plaintiff Heartland Christian College is a Missouri non-profit corporation that provides post-secondary higher education to employees and residents of CNS International Ministries and their dependents. (Id. at ¶ 7.) It offers health insurance to its employees through its own self-insured program. (Id.) Their plans expire on December 31, 2014. (Id. at ¶ 126.)

In accordance with their sincerely held religious beliefs and practices, plaintiffs oppose the use, funding, provision, or support of abortion on demand and believe that use of Plan B, Ella, and copper IUDs constitute abortion on demand. (Id. at ¶¶ 48-58.) Further, adherence to these tenets is integral to them. (Id. at ¶ 47.)

In their complaint, plaintiffs allege violation of the Religious Freedom Restoration Act (RFRA), violations of the First Amendment Free Exercise Clause, Establishment Clause, the right against compelled speech, and the right of expressive association, as well as violation of the Administrative Procedure Act. (Id.) Plaintiffs seek declarations that the contraceptive mandate

-3-

and defendants' enforcement thereof violate the First and Fifth Amendments, RFRA, and the Administrative Procedure Act; an order prohibiting defendants' enforcement of the contraceptive mandate with respect to Plan B, ella, copper IUDs, and related education and counseling; and costs and reasonable attorney and expert fees under 42 U.S.C. 1988.  (Id.)

Plaintiffs CNS International Ministries, Inc. and Heartland Christian College allege that they do not qualify for the religious employer exemption from the contraceptive mandate.  (Id. at ¶¶ 109-11.); see 45 C.F.R. § 147.130(a)(iv)(B).  However, they allege that they are eligible for the religious employer accommodation.  (Doc. 61 at ¶ 123.)  The regulations provide an accommodation for an organization that: (1) "opposes providing coverage for some or all of the contraceptive services required"; (2) "is organized and operates as a nonprofit entity"; (3) "holds itself out as a religious organization"; and (4) "self-certifies that it satisfies the first three criteria."  45 C.F.R. § 147.131(b).  Organizations seeking this accommodation must self-certify prior to the beginning of the first plan year and deliver it to the insurer or, in the case of the self-insured, the third party administrator.  Id. § 147.131(c)(1).  The third party administrator must then exclude contraceptive coverage from the group health insurance coverage and provide separate payments for contraceptive services for the plan beneficiaries.  Id. § 147.131(c)(2).  The third party administrator must also notify the plan beneficiaries of this contraceptive payment benefit.  Id. § 147.131(d).

In essence, plaintiffs CNS International Ministries, Inc. and Heartland Christian College argue that although the accommodation alters the means, they continue to be required to take affirmative steps to facilitate access to abortifacient services in violation of their First Amendment rights.  The court has already granted injunctive relief to the other plaintiffs in this case, and the arguments for those plaintiffs are substantially similar to the arguments now before the court.  The resolution of the O'Brien or Annex Medical appeals will also likely facilitate the resolution of the arguments of plaintiffs CNS International Ministries, Inc. and Heartland Christian College.  Thus, the court extends the preliminary injunction and stay currently in effect to plaintiffs CNS International Ministries, Inc. and Heartland Christian College.  See Zubik v. Sebelius, 2013 WL 6118696 (W.D. Pa. 2013).

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs CNS International Ministries, Inc. and Heartland Christian College for leave to file an overlength memorandum in support of their pending motion (Doc. 63) is sustained.

**IT IS FURTHER** ORDERED that the motion of plaintiffs CNS International Ministries, Inc. and Heartland Christian College a temporary restraining order and preliminary injunction (Doc. 64) is sustained.  The preliminary injunction and stay currently in effect (Docs. 56, 57) are extended to plaintiffs CNS International Ministries, Inc. and Heartland Christian College.


        /S/   David D. Noce         
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 30, 2013.