UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHARPE HOLDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:12 CV 92 DDN |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

This action is before the court on the motion of plaintiffs Sharpe Holdings, Inc., Ozark National Life Insurance Company, N.I.S. Financial Services, Inc., CNS Corporation, and Charles N. Sharpe for the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 119.)

## I. BACKGROUND

Plaintiffs Sharpe Holdings, Inc., Charles N. Sharpe, Judi Schaefer, and Rita Joanne Wilson commenced this action on December 20, 2012, against the Department of Health and Human Services, its Secretary, Kathleen Sebelius, the Department of the Treasury, its Secretary, Timothy Geithner, the Department of Labor, and its Secretary, Hilda Solis. Plaintiffs claimed the Affordable Care Act's[1] contraception mandate violates the Religious Freedom Restoration Act (RFRA); the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution; their freedoms of speech and association guaranteed by the First Amendment to the United States Constitution; and the Administrative Procedures Act, 5 U.S.C. § 706(2).

---

[1] The Patient Protection and Affordable Care Act, Pub. L. 111-148 (March 23, 2010), and the Health Care and Education Reconciliation Act, Pub. L. 111-152 (March 30, 2010) are collectively known as the "Affordable Care Act" ("ACA").

Plaintiffs Sharpe Holdings, Ozark National Life Insurance, N.I.S. Financial Services, CNS Corporation, and Charles N. Sharpe[2] filed a motion for summary judgment and request for permanent injunction on October 1, 2014. (Docs. 95, 96.) The court granted the motion and issued a permanent injunction on February 13, 2015. (Doc. 102.) Plaintiffs were awarded $138,632.50 in attorneys' fees and expenses under 42 U.S.C. § 1988(b). (Doc. 111.)

On September 8, 2015, plaintiffs filed this motion requesting a decree of final judgment regarding only the for-profit plaintiffs in order to obtain the previously awarded attorneys' fees and expenses. (Doc. 119 at 2.) Defendants do not oppose this motion as long as the court determines that there is no just reason for delay and includes that conclusion in its decree. (Doc. 123.)

## II. FINAL JUDGMENT PURSUANT TO RULE 54(b)

Federal Rule of Civil Procedure 54(b) provides for judgment on multiple claims or involving multiple parties:

> When an action presents more than once claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b)

In order for this decree to have effect the court must expressly determine that there is no just reason for delay regarding the parties or claims in question. Without a final judgment an appeal cannot be taken by any party. Parsing the issues this way, however, should not be done

---

[2] Defendants appealed the decision to extend the temporary restraining order and preliminary injunction to plaintiffs CNS International Ministries and Heartland Christian College. (Doc. 85.) The Eighth Circuit affirmed this court's ruling instituting the temporary restraining order and preliminary injunction as to the non-profit corporation plaintiffs. Sharpe Holdings, et al. v. HHS, No. 14-1507, 2015 WL 5449491, at *13 (8th Cir. Sept. 17, 2015).

just as an accommodation to counsel, but "only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Assurance Co. of Am. v. Syntrax Innovations, Inc., 2005 WL 1528254, at *2 (E.D. Mo. June 27, 2005) (citing Bullock v. Baptist Mem'l Hosp., 817 F.2d 58, 59 n.2 (8th Cir. 1987)). This policy avoids piecemeal and interlocutory appeals. Id. (citing Burlington N.R.R., Co. v. Bair, 754 F.2d 799, 800 (8th Cir. 1985) (per curiam)).

In this case plaintiffs seek compensation for over 374 hours billed, which total $132,322.50 in fees and expenses. (Doc. 119.) This portion of the case has been ongoing since December 2012. At this time, it does not appear that the non-profit portion of the case will substantially affect the for-profit portion. However, it is foreseeable that the non-profit portion of this case will continue through another appeal as there is now a Circuit split on the Affordable Care Act's birth control mandate as applied to non-profits.[3] Compare Sharpe Holdings, et al., 2015 WL 5449491 with Catholic Health Care Sys. v. Burwell, 796 F.3d 207 (2d Cir. 2015); Geneva Coll. v. Sec'y U.S. Dep't of HHS, 778 F.3d 422 (3d Cir. 2015); E. Tex. Baptist Univ. v. Burwell, 793 F.3d 449 (5th Cir. 2015); Grace Schools, et al. v Burwell, Nos. 14-1430 &14-1431, 2015 WL 5167841 (7th Cir. Sept. 4, 2015); Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Burwell, 794 F.3d 1151 (10th Cir. 2015). It would be unjust to withhold the award of fees and expenses to the for-profit plaintiffs' until further resolution of the non-profit plaintiffs' case, which could continue but, barring an unforeseen circumstance, will have no effect on the for-profit plaintiffs.

Applying these considerations, the court finds and concludes that there is no just reason to delay the entry of final judgment on the claims of plaintiffs Sharpe Holdings, Inc., Charles N. Sharpe, CNS Corporation, Ozark National Life Insurance Company, and N.I.S. Financial

---

[3] No petition for a rehearing en banc or certiorari has been filed in Sharpe Holdings as of September 25, 2015. Petitions for certiorari have been filed in several of the other similarly situated cases. E. Tex. Baptist Univ. v. Burwell, 793 F.3d 449 (5th Cir. 2015), petition for cert. filed, (July 8, 2015) (No. 15-35); Geneva Coll. v. Sec'y of Dep't of HHS, 778 F.3d 422 (3d Cir. 2015), petition for cert. filed, (Aug. 11, 2015) (No. 15-191); Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Burwell, 794 F.3d 1151 (10th Cir. 2015), petition for cert. filed (July 23, 2015).

Services, Inc. Not entering a decree of final judgment on the for-profit plaintiffs' claims would result in a hardship and injustice to these plaintiffs.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the for-profit plaintiffs for entry of final judgment (Doc. 119) is sustained.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter final judgment in favor of plaintiffs Sharpe Holdings, Inc., Charles N. Sharpe, CNS Corporation, Ozark National Life Insurance Company, and N.I.S. Financial Services, Inc. against defendants.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 9, 2015.