IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHARPE HOLDINGS, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> INC., *et. al.*, ) <br> ) <br> Defendants. ) | No. 2:12-CV-92-DDN |

### MOTION OF CNS INTERNATIONAL MINISTRIES, INC. AND HEARTLAND CHRISTIAN COLLEGE FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF

CNS International Ministries, Inc. (CNS) and Heartland Christian College, for their Motion for Permanent Injunction and Declaratory Relief, state as follows:

1. On December 30, 2013, this Court granted the motion of CNS International Ministries, Inc. (CNS) and Heartland Christian College (HCC) (collectively, Movants) for a preliminary injunction. Doc. 84.

2. This injunction is still in place almost four years later, although it has been under appeal by the government in the Eighth Circuit since early in 2014.

3. On October 6, 2017, the government published its new Interim Final Rule (IFR), allowing religious nonprofits like Movants to simply elect not to provide contraceptive coverage they considered religiously abhorrent, an exemption previously available only to churches and their auxiliaries. 82 Fed. Reg. 47792 (Oct. 13, 2017). The government moved to dismiss its appeal of this Court's preliminary injunction of December 30, 2013. That motion was granted on October 13, 2017.

4.	The government has now concluded with and in its IFR that forcing religious employers like CNS and HCC to choose between their "accommodation" and the Mandate's crippling fines is illegal under the Religious Freedom Restoration Act (RFRA). "Because we have concluded that requiring such compliance through the Mandate or accommodation has constituted a substantial burden on the religious exercise of many such entities or individuals, and because we conclude requiring such compliance did not serve a compelling interest and was not the least restrictive means of serving a compelling interest, we now believe that requiring such compliance led to the violation of RFRA in many instances." *Id*. at 47806.

5.	Although the government vigorously defended its Mandate before this Court in 2013, and has been fighting since then to defend its Mandate in various appellate courts and the Supreme Court, the government now admits that CNS and HCC, this Court, and the Eighth Circuit were right all along.

6.	Movants now seek (1) to make their longstanding preliminary injunction permanent and (2) declaratory relief regarding the Mandate's violation of Movants' RFRA rights.

7.	The government no longer challenges the Movants on the merits of the case. Instead, the government is prepared to argue that the case is moot because of the new interim final regulations that provide an exemption to Movants from the contraceptive mandate.

8.	But "voluntary cessation of a challenged practice does not moot a case unless 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)); *see also City of Mesquite v. Aladdin's Castle, Inc.,* 455

U.S. 283, 289 (1982) ("The test for mootness is stringent. Mere voluntary cessation of allegedly illegal conduct does not moot a case.").

9. Movants are filing a memorandum of law in support of this motion and incorporate that memorandum by reference.

10. Movants also incorporate all previously filed declarations in support of their motion for preliminary injunction, including the December 11, 2013 declarations of Charles N. Sharpe and David R. Melton. Docs. 64-1 and 64-2.

WHEREFORE, for the reasons stated herein and in all the pleadings, motions, briefs, declarations and exhibits filed in this matter, plaintiffs CNS International Ministries, Inc. and Heartland Christian College respectfully request:

(1) that the Court enter an injunction in favor of CNS International Ministries, Inc. (CNS) and Heartland Christian College (HCC):

(a) enjoining the defendants, their employees, agents and successors in office from enforcing against CNS and HCC, their health plan, or their health insurance issuers or third-party administrators in connection with their health plan: (i) the statutes and regulations requiring contraceptive coverage to the extent such coverage requires the provision of products or services CNS and HCC believe to be abortifacients, or related counseling; (ii) the accommodation as last amended by regulation dated August 27, 2014, or (iii) any attendant penalties, fines or assessments for noncompliance with the aforementioned statutes and regulations from December 30, 2013 until termination of this injunction; and

(b) requiring the defendants, their employees, agents and successors in office to

    provide CNS and HCC with an exemption from compliance with (i) the statutory and regulatory requirements of the contraceptive mandate, to the extent such coverage requires the provision of products or services CNS and HCC believe to be abortifacients, or related counseling; (ii) the accommodation as last amended by regulation dated August 27, 2014, and (iii) any requirements to pay any attendant penalties, fines or assessments for noncompliance with the aforementioned statutes and regulations from December 30, 2013, until termination of this injunction;

(2) that the Court enter a declaratory judgment declaring that the contraceptive mandate in the Affordable Care Act and implementing regulations and the accommodation as augmented on August 27, 2014, violate the rights of CNS and HCC pursuant to the Religious Freedom Restoration Act, and that CNS and HCC are not subject to any fines, already accrued or imposed in the future, for their non-compliance with such laws;

(3) Award CNS and HCC the costs of this action, reasonable attorneys' fees, expert fees and expenses pursuant to 42 U.S.C. 1988, and as otherwise provided by law; and

(4) Grant such other and further relief as the Court shall deem proper and just.

Respectfully submitted,

OTTSEN, LEGGAT & BELZ, L.C.

/s/ *Timothy Belz*_____
Timothy Belz #MO-31808
J. Matthew Belz #MO-61088
112 South Hanley, Suite 200
St. Louis, MO 63105-3418
Phone: (314) 726-2800
Facsimile: (314) 863-3821
tbelz@olblaw.com
jmbelz@olblaw.com

Attorneys for Plaintiffs
CNS International Ministries, Inc. and
Heartland Christian College

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2017, I caused a true and correct copy of this filing to be served on counsel by means of the Court's ECF system.

/s/*Timothy Belz*_____   _____