UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARPE HOLDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:12 CV 92 DDN |
| | ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This action is before the court on the motion of plaintiffs CNS International Ministries (CNS) and Heartland Christian College (HCC) for permanent injunction and declaratory relief following remand from the United States Court of Appeals for the Eighth Circuit and the United States Supreme Court. (Doc. 138). For the reasons set forth below, plaintiffs' motion is granted. An appropriate Judgment Order is entered herewith.

## BACKGROUND

This action was commenced on December 20, 2012, by certain individual and corporate for-profit plaintiffs against the Department of Health and Human Services (HHS), the Secretary of HHS, the Department of the Treasury, the Secretary of the Treasury, the Department of Labor, and the Secretary of Labor. These plaintiffs claim the Affordable Care Act's[1] contraceptive mandate violates the Religious Freedom

---

[1] The Patient Protection and Affordable Care Act, Pub. L. 111-148 (Mar. 23, 2010), and the Health Care and Education Reconciliation Act, Pub. L. 111-152 (Mar. 30, 2010), are collectively known as the "Affordable Care Act" (ACA).

Restoration Act (RFRA); the Free Exercise and Establishment Clauses of the First Amendment to the Constitution of the United States; plaintiffs' freedoms of speech and association guaranteed by the First Amendment; and the Administrative Procedures Act, 5 U.S.C. § 706(2).[2] They sought a declaration from the court that the ACA's contraceptive mandate and its enforcement violate the First Amendment, the Fifth Amendment, RFRA, and the APA. They also sought an order prohibiting the enforcement of the mandate against them and moved for a temporary restraining order and a preliminary injunction on December 20, 2012. This court issued a temporary restraining order on December 31, 2012, and then a preliminary injunction on June 28, 2013.

Plaintiffs then amended their complaint to add CNS and HCC, both non-profit organizations and the current movants, as plaintiffs on December 4, 2013. The temporary restraining order and the preliminary injunction were expanded to include these plaintiffs on December 30, 2013, a decision defendants appealed as to CNS and HCC in February 2014.

New decisions by the United States Supreme Court and changing regulations necessitated supplemental briefing and letters to the United States Court of Appeals for the Eighth Circuit. (Doc. 144 at 7). On September 17, 2015, that Court affirmed this Court's decision in favor of CNS and HCC. *Sharpe Holdings, Inc. v. Dept. of Health and Human Serv.*, 801 F.3d 927 (8th Cir. 2015). This created a split in the circuits, and the Supreme Court granted petitions for certiorari brought by other religious claimants in similar cases on November 6, 2015. Defendants filed their petition for a writ of certiorari on December 15, 2015, which the Supreme Court granted on June 16, 2016, vacating the Eighth Circuit's decision and remanding for further proceedings. It vacated all of the circuits' decisions on this issue, and it required the parties find an alternative solution to

---

[2] Only the RFRA challenge remains before this Court; all other grounds were dismissed. (Doc. 102).

the problematic "augmented accommodation" in place at the time. *Zubik v. Burwell*, 136 S. Ct. 1557, 1560 (2016). On June 22, 2016, pursuant to the *Zubik* opinion, the Court of Appeals vacated its September 17, 2015 opinion and reopened the case.

On October 6, 2017, the government issued new interim final rules (new IFRs) that greatly expanded the scope of permissible religious objections to the contraceptive mandate. Accordingly, on October 13, 2017, defendants dismissed their appeal. On November 17, 2017, plaintiffs moved for a permanent injunction from this court. Defendants objected on December 8, 2017, asserting that the new IFRs rendered the matter moot and that a permanent injunction was therefore inappropriate.

On December 15, 2017, the United States District Court for the Eastern District Court of Pennsylvania issued a preliminary injunction barring the application of the new IFRs. *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017) On December 21, 2017, the United States District Court for the Northern District of California followed suit. *California v. Health and Human Services*, 281 F. Supp. 3d 806 (N.D. Cal. 2017). On December 22, 2017, in the case at bar, the government subsequently dropped its mootness challenge, declined to advance any substantive defense of the "augmented accommodation," and adopted no position as to the appropriateness of permanent injunctive relief in this case. (Doc. 152 at 2).

## **ANALYSIS**

In *Zubik*, the Supreme Court directed that "the parties on remand should be afforded an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring that women covered by petitioners' health plans 'receive full and equal health coverage, including contraceptive coverage.'" *Zubik*, 136 S. Ct. at 1560. Shortly thereafter, the government expressed its opinion that: "there [is] 'no feasible approach . . . at this time that would resolve the concerns of religious objectors, while still ensuring that the affected women receive full and equal health coverage, including contraceptive coverage.'" *California*, 281

F. Supp. 3d at 818 (quoting Department of Labor, *FAQs about Affordable Care Act Implementation Part 36* (Jan. 9, 2017)). Insofar as the new IFRs are now presented as the government's position, they are presently enjoined from enforcement by District Courts in Pennsylvania and California. *See Pennsylvania*, 281 F. Supp. 3d at 585; *California*, 281 F. Supp. 3d at 832.

Thus, the parties before this Court are "[returned] to the state of affairs before October 6, 2017 . . . the exemption and accommodation as they existed following the *Zubik* remand remain in effect, as do any court orders enjoining Defendants from enforcing those rules against specific plaintiffs." *California,* 281 F. Supp. 3d at 832-33*; see also Pennsylvania*, 281 F. Supp. 3d at 585 ("A preliminary injunction will maintain the status quo: those with exemptions or accommodations prior to October 6, 2017 will maintain their status, those with injunctions preventing enforcement of the Contraceptive Mandate will maintain their injunctions, but those with coverage will maintain their coverage as well.").

>This Court is mindful of the Supreme Court's statement that it:
>
>>expresses no view on the merits of the cases. In particular, the Court does not decide whether petitioners' religious exercise has been substantially burdened, whether the Government has a compelling interest, or whether the current regulations are the least restrictive means of serving that interest.
>
>*Zubik*, 136 S. Ct. at 1560; *see also id.* at 1561 (Sotomayor, J., concurring):
>
>>Lower courts… should not construe [*Zubik*] as signals of where this Court stands. We have included similarly explicit disclaimers in previous orders… Yet some lower courts have ignored those instructions. See, *e.g.*, *Sharpe Holdings, Inc. v. Department of Health and Human Servs.…* (C.A.8 2015)… On remand in these cases, the Courts of Appeals should not make the same mistake.

The *Zubik* concurrence also noted that vacating the appellate rulings, without further substantive guidance, means that lower appellate courts "remain free to reach the

same conclusion or a different one on each of the questions presented by these cases." *Zubik*, 136 S. Ct. at 1562. While the Eighth Circuit Court of Appeals' decision in *Sharpe* was vacated, the undersigned finds its reasoning persuasive. Therefore, this Court's reasoning on remand is substantially the same as that laid out by the Court of Appeals in its opinion for purposes of plaintiffs' RFRA challenge.

Under RFRA, federal law may not "substantially burden a person's exercise of religion" unless the government "demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). Plaintiffs under RFRA have the initial burden to show a substantial burden upon their sincere religious exercise or belief. *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 428 (2006). If plaintiffs succeed, the government has the burden to show that it has a "compelling interest" in applying "the challenged law 'to the person' – the particular claimant whose sincere exercise of religion is being substantially burdened." *Id.* at 430-31 (quoting 42 U.S.C. § 2000bb-1(b)). Non-profit and closely-held for-profit corporate plaintiffs are "persons" for purposes of RFRA challenges. *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2769-75 (2014). Financial penalties for religiously-motivated noncompliance with a regulatory duty constitute a substantial burden. *Id.* at 2779.

Whether or not expressed religious conviction is consistent with related scripture is not within the scope of judicial review. *Sharpe*, 801 F.3d at 938-39 (citing *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 716 (1981)). A religious objector's description of its religious beliefs must be accepted regardless of whether the Court considers those beliefs "acceptable, logical, consistent, or comprehensible." *Thomas*, 450 U.S. at 714. A Court's function is narrow and is to decide whether the religious objector's religious belief "reflects 'an honest conviction.'" *Hobby Lobby*, 134 S. Ct. at 2779 (quoting *Thomas*, 450 U.S. at 716.) Thus, because of CNS and HCC's religious beliefs, the sincerity of which is unchallenged, this Court concludes that

"compelling their participation in the accommodation process by threat of severe monetary penalty is a substantial burden on their exercise of religion." *Sharpe*, 801 F.3d at 942.

The government's interests in safeguarding public health and in ensuring that women have equal access to health care have been assumed to be compelling interests for purposes of RFRA challenges. *Id.* at 943 (citing *Hobby Lobby*, 134 S. Ct. at 2780). This Court makes the same assumption and proceeds to the government's weighty burden of showing "that the contraceptive mandate and accommodation process are the least restrictive means for furthering the government's compelling interests." *Id.*

Plaintiffs object on religious grounds not just to the contraceptive mandate but also to the government's accommodation process. (Doc. 139). The Supreme Court has not decided whether the government's accommodation process complies with RFRA. *Id.* at 943-44. The Eighth Circuit has noted that the government's accommodation process is not the least-restrictive means to further these compelling interests. *Id.* at 944 (noting approval by the Supreme Court of less-demanding alternatives in cases following *Hobby Lobby*). "[C]ost may be an important factor in the least-restrictive means analysis, but both RFRA and its sister statute, RLUIPA, may in some circumstances require the Government to expend additional funds to accommodate citizens' religious beliefs." *Hobby Lobby*, 134 S. Ct. at 2781. The evidentiary record thus far in this case has not shown that alternatives[3] would be so administratively or financially burdensome as to make the "augmented accommodation" the government's least-restrictive means. *Sharpe*, 801 F.3d at 944-45.

Plaintiffs are entitled to a declaratory judgment as follows:

---

[3] Alternatives might include less-demanding opt-outs; direct assumption by the government of the costs of providing contraceptives; subsidies or tax credits to employees unable to obtain the contraceptives at issue from their employers; distribution of contraceptives at public clinics and hospitals; and providing the contraceptives at issue through government healthcare-insurance exchanges. *Sharpe*, 801 F.3d at 944-45.

> The contraceptive mandate in the Affordable Care Act and implementing regulations and the accommodations as augmented on August 27, 2014, violate the rights of plaintiffs CNS and HCC pursuant to the Religious Freedom Restoration Act. Plaintiffs CNS and HCC are not subject to any fines, already accrued or imposed in the future, for their non-compliance with such laws.

*See* 28 U.S.C. § 2201(a); Fed.R.Civ.P. 57.

Plaintiffs are also entitled to permanent injunctive relief. The Eighth Circuit has stated the factors for considering permanent injunctive relief thus:

> To obtain a permanent injunction, [movant is] required to show: (1) its actual success on the merits; (2) that it faces irreparable harm; (3) that the harm to it outweighs any possible harm to others; and (4) that an injunction serves the public interest.

*Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1012 (8th Cir. 2011). The Court previously considered the appropriateness of injunctive relief and found that application of the factors prescribed by *Dataphase Systems, Inc. v. C.L. Systems, Inc.* 640 F.2d 109, 113 (8th Cir. 1981) (en banc), tipped in favor of the plaintiffs. *Sharpe Holdings, Inc. v. U.S. Dept. of Health and Human Services*, 2012 WL 6738489 (E.D. Mo. 2012); *Sharpe Holdings, Inc.*, 2013 WL 6858588 (E.D. Mo. 2013). Those results adhere today. Furthermore, in light of the Eighth Circuit's prior reasoning on plaintiffs' RFRA challenge to the accommodation process, and particularly given that the government no longer advances a substantive defense thereof, this Court holds that plaintiffs have attained actual success on the merits and are entitled to a permanent injunction.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs for permanent injunctive and declaratory relief (Doc. 138) is **GRANTED.** An appropriate Judgment Order is filed herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 28, 2018.